1  Robert Schachter SBN 72528
   HITCHCOCK, BOWMAN & SCHACHTER
2  21515 Hawthorne Boulevard, Suite 1030
   Torrance, California 90503
3  Telephone:    (310) 540-2202
   Facsimile:    (310) 540-8734
4  Email: rschachter@hbsattorneys.com

5  Attorneys for Plaintiffs Edward Roupinian and
   Arlene Roupinian, individually and as Trustees of
6  the Roupinian Family Trust dated January 5, 1987,
   Alice Hoch, an individual, and Millennium Trust
7  Company, LLC as Custodian FBO Edward Roupinian IRA

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10 In re                          )  Case No. 2:13-bk-35495-BB
                                  )
11 MARK A. PREBE and MARY C.      )  Chapter 11
   PREBE,                         )
12                                )  Adversary No. _____
          Debtor.                 )
13                                )
   _____)
14                                )  COMPLAINT FOR: DETERMINATION
   EDWARD ROUPINIAN AND ARLENE    )  THAT DEBTS ARE NON-
15 ROUPINIAN, INDIVIDUALLY AND AS )  DISCHARGEABLE AND DAMAGES
   TRUSTEES OF THE ROUPINIAN      )
16 FAMILY TRUST DATED JANUARY 5,  )  [11 U.S.C. §§ 523(a)(2), 523(a)(6), ]
   1987, ALICE HOCH, AN INDIVIDUAL,)
17 AND MILLENNIUM TRUST           )
   COMPANY, LLC AS CUSTODIAN FBO  )
18 EDWARD ROUPINIAN IRA,          )
                                  )
19        Plaintiffs,             )
                                  )
20     v.                         )
                                  )
21 MARK A. PREBE and MARY C.      )
   PREBE,                         )
22                                )
          Defendant.              )
23 _____)

24

25    Plaintiffs Edward Roupinian and Arlene Roupinian, individually and as Trustees of

26 the Roupinian Family Trust dated January 5, 1987, Alice Hoch, an individual, and Millennium

27 Trust Company, LLC as Custodian FBO Edward Roupinian IRA, allege:

28                   **JURISDICTION AND VENUE**

                              1

1.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157,1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I),(O), in which the Bankruptcy Court may hear and determine all matters and enter final orders thereon.

2.     Venue for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3.     Plaintiff Edward Roupinian ("Plaintiff" or "Edward"), was, and is, an individual, who is a real party in interest herein. Edward is a payee under the Promissory Note(s) and a beneficiary under the Deeds of Trust described below.

4.     Plaintiff Arlene Roupinian ("Plaintiff" or "Arlene"), was, and is, an individual, who is a real party in interest herein. Arlene is a payee under the Promissory Note(s) and a beneficiary under the Deeds of Trust described below.

5.     Plaintiffs Edward Roupinian and Arlene Roupinian, Trustees of the Roupinian Family Trust Dated January 5, 1987 ("Plaintiffs"), were and are individuals and the duly authorized Trustees of said Trust and are the real parties in interest herein. The Plaintiffs are payees under the Promissory Note(s) and beneficiaries under the Deeds of Trust described below.

6.     Plaintiff Alice Hoch ("Plaintiff" or "Hoch"), was, and is, an individual, who is a real party in interest herein. Hoch is a payee under the Promissory Note(s) and a beneficiary under the Deeds of Trust described below.

7.     Plaintiff Millennium Trust Company, LLC as Custodian FBO Edward Roupinian IRA ("Plaintiff" or "Millennium"), was, and is, custodian for the benefit of Edward Roupinian self-directed IRA, who is a real party in interest herein. Millennium is a payee under the Promissory Note(s) and a beneficiary under the Deeds of Trust described below.

8.     Defendant Mark A. Prebe ("Defendant Prebe"), who did business as Park Place Appraisers at all times herein, was, and is, an individual, who is a Debtor in the above-captioned chapter 11 proceeding.

2

9.  Defendant Mary C. Prebe is a debtor in the above-entitled Chapter 11 proceeding, and who was, and still is, married to Defendant and Debtor Mark A. Prebe. At all relevant times, Defendants were each acting for the benefit of their marital community.

10. Plaintiffs have employed counsel to initiate and prosecute this adversary proceeding. Accordingly, Plaintiffs have incurred, and will incur, attorney's fees for initiating and prosecuting this adversary proceeding.

## GENERAL ALLEGATIONS

11. Defendants commenced the above-entitled pending bankruptcy case (the "Case") by filing their voluntary petition under Chapter 11 of the Bankruptcy Code on October 18, 2013.

12. Plaintiffs made a series of loans to various third parties.

13. The loans made by Plaintiffs were "arranged" by California Western Financial Investments, Inc., a mortgage brokerage company.

14. Each loan made by Plaintiffs was evidenced by a separate written Promissory Note and such Promissory Note was secured by a Deed of Trust on the property owned by the borrower or borrowers.

15. On some of the loans referred to above, Plaintiffs were the only lenders and on some of the loans Plaintiffs owned a fractional interest in the loans, along with other third-party lenders, all of whom were private party lenders.

16. Prior to each loan being funded, Plaintiffs received a package of documents from California Western Financial Investments, Inc., including financial statements of the proposed borrower, a summary of the terms and conditions of the loan and an Appraisal Report establishing the value of the property or properties upon which the loan would be made.

17. At all times relevant herein, Defendant Prebe acted as a licensed real estate appraiser and provided Appraisal Reports to California Western Financial Investments, Inc., which reports were provided to Plaintiffs in connection with the loan or loans made by Plaintiffs.

3

18. Specifically, Plaintiffs were provided appraisals as to various properties, including, but not limited to, the following properties:

    a.    Atlantic

    b.    Ashland

    c.    Ashland

    d.    14th Street

    e.    Pacific

    f.    East 74th Street

19. On or about December 30, 2008, Plaintiffs commenced a civil action entitled <u>Edward Roupinian et al. v. California Western Financial Investments, Inc. et al.</u>, Los Angeles Superior Court Case Number BC404638, seeking relief against Defendant Prebe in connection with the Appraisal Reports prepared and delivered by Defendant Prebe.

20. In connection with said action, Defendant Prebe has admitted in certain discovery that Defendant Prebe knew that the appraisal reports would be provided to third party lenders and therefore Plaintiffs were intended as direct beneficiaries of the Appraisal Reports provided by Defendant Prebe. The state court action was pending when Defendant Prebe commenced his Chapter 11 proceeding. Plaintiffs have employed counsel to initiate and prosecute the state court action in which Plaintiffs have incurred and will incur attorney's fees and costs.

## FIRST CLAIM FOR RELIEF

(Determination that Debts Relating to Appraisal Reports are

Non-dischargeable under 11 U.S.C. §§ 523(a)(2), (6)

and for Damages against Defendants)

21. Plaintiffs reallege and incorporate by this reference Paragraphs 1 thorough 20 of this Complaint as though fully set forth herein.

22. Plaintiffs are informed and believe, and allege thereon, that the Appraisal Reports provided by Defendant Prebe were false in material respects and were provided under false pretenses.

4

COMPLAINT FOR: DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE AND DAMAGES

23. Plaintiffs are informed and believe, and allege thereon, that Appraisal Reports provided by Defendant Prebe contained, inter alia, the following false information and misrepresentations, among other misrepresentations:

   a. Utilization of "comparable" properties that did not exist.

   b. Failure to include "comparables" near the subject property, while utilizing alleged "comparables" several miles away to obtain a higher alleged value.

   c. Intentionally and deliberately overstating the alleged value of the subject property or properties.

   d. Preparing Appraisal Reports with values requested or suggested by the borrowers or their agents without disclosing such facts to Plaintiffs.

24. Plaintiffs justifiably relied on the Appraisal Reports by Prebe. Had Plaintiffs known that Defendant Prebe had made material misrepresentations, Plaintiffs would not have made the loans referred to hereinabove.

25. Each of the loans referred to hereinabove has been placed into default and Plaintiffs have initiated an action described hereinabove for judicial foreclosure on the obligations and to recover on the obligations.

26. Plaintiffs are informed and believe, and allege thereon, that Defendant Prebe prepared and provided all of the Appraisal Reports with the deliberate, wilful and malicious intent to injure Plaintiffs and Plaintiffs' property.

27. As a direct and proximate result, Plaintiffs have been damaged in the amount of at least $3,000,000.00 and according to proof (the "Debt").

28. Plaintiffs are entitled to an award of damages, and a determination that Defendants are **not** entitled to a discharge of the Debt under 11 U.S.C. §§ 523(a)(2),(6), including interest, costs and attorney's fees thereon to which Plaintiffs are or may be entitled under applicable state law.

## SECOND CAUSE OF ACTION

(Determination that Debts Relating to Financial Statements are

Non-dischargeable under 11 U.S.C. §§ 523(a)(2), (6)

and for Damages against Defendants)

29.  Plaintiffs reallege and incorporate by this reference Paragraphs 1 thorough 28 of this Complaint as though fully set forth herein.

30.  In or about 2006 Plaintiffs Roupinian and Hoch made a series of loans to defendant.

31.  On September 25, 2006, Plaintiffs made a loan to defendant in the amount of $710,000.00. That loan was evidenced by a promissory note. A copy of the promissory note is attached hereto as Exhibit 1 and incorporated herein by reference.

32.  That promissory note was secured by a deed of trust. A copy of the deed of trust is attached hereto as Exhibit 2 and incorporated herein by this reference.

33.  In connection with, as an integral part of the making of the loan, Defendant provided a residential loan application, a true and correct copy of which is attached hereto as Exhibit 3 and incorporated herein by this reference.

34.  The application contained a written statement of financial condition on which the Plaintiffs relied on in making the loan and which Defendants knew that Plaintiffs, as lenders, would rely in making the loan.

35.  Plaintiffs allege, on information and belief, that Debtor/Defendant stated on the application that:

    a.    Defendant's income was $20,000.00 per month.

    b.    Defendant's net rental income as $28,000.00 a month.

    c.    Defendant's real estate holdings were worth $9,996,000.00.

    d.    Defendant's "furniture" was worth $200,000.00.

    e.    Defendant's "net worth" was $4,418,800.00.

36.  Due to defaults under the terms of the promissory notes, Plaintiffs commenced non-judicial foreclosure proceedings against the parcels of real property and further sought deficiency judgments against Debtors.

COMPLAINT FOR: DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE AND DAMAGES

37. In the action referred to hereinabove, Plaintiffs also sought relief for fraud against Debtor Mark Prebe.

38. Plaintiffs allege that Plaintiffs relied on the promises of Defendants contained in the residential loan applications and statements of financial condition which induced Plaintiffs to make the loan.

39. Plaintiffs are informed and believe and on such information and belief allege that the representations contained in the application pertain to the financial condition of the Debtor/Defendant was materially false in that the statements as to real estate values, personal property values and assets and liabilities were false.

40. Plaintiffs allege that Defendants provided the written representations of financial condition with the intent to deceive Plaintiffs and to induce Plaintiffs to make the loans as set forth hereinabove.

41. Plaintiffs reasonably relied upon the representations of Defendants.

42. As a direct and proximate result, Plaintiffs have been damaged in an amount not less than $710,000.00 and according to proof.

43. Plaintiffs are entitled to an award of damages and a determination that Defendants are not entitled to a discharge under 11 U.S.C. Section 523 (a)(2)(B), including interest, costs and attorneys fees thereon which Plaintiffs are entitled to under applicable law.

**WHEREFORE**, Plaintiffs pray for entry of Judgment and/or Order against Defendant as follows:

1. For costs of suit, including reasonable attorney's fees incurred herein to the extent recoverable under applicable law; and

2. For such other and further relief as this Court deems just and proper.

3. For damages in the amount of $3,000,000.00, and according to proof; and

4. For a determination, pursuant to 11 U.S.C. § 523(a)(2) and/or 11 U.S.C. § 523(a)(6) that Defendant Prebe is **not** entitled to a discharge of the Debt, including any and all interest, costs and attorney's fees thereon to which Plaintiffs are or may be entitled.

7

1

2  DATED:   January 20, 2014                    **HITCHCOCK, BOWMAN & SCHACHTER,**
                                                **a professional corporation**

3

4                                    By:  _Rchtdeatl_____

5                                          Robert Schachter, Attorney for Plaintiffs
                                           Edward Roupinian and Arlene Roupinian,
6                                          individually and as Trustees of the Roupinian
                                           Family Trust dated January 5, 1987, Alice Hoch, an
7                                          individual, and Millennium Trust Company, LLC as
                                           Custodian FBO Edward Roupinian IRA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR: DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE AND DAMAGES

EXHIBIT 1

# NOTE SECURED BY A DEED OF TRUST

Loan Number: ▓▓▓▓▓          Date: Monday, September 25, 2006          Los Alamitos, California

5545 ATLANTIC AVENUE
LONG BEACH CA 90805

2024 Chestnut Avenue Long Beach, CA  90806

220 West 12th Street Long Beach, CA  90813
Property Address

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $710,000.00 (this amount will be called "principal"), plus interest, to the order of [See Addendum Attached] (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

**2.  INTEREST**

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on close of escrow or full funding whichever is earlier, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

~~A fee of 3 Points is being paid now. If this loan is paid in full within six months from the close of escrow, no additional broker's~~ commission is due California Western Financial Investments, Inc. A fee of one half of one percent (1/2%) or $500.00 whichever is greater will be charged for each additional 3 months thereafter. This fee will be paid at the time the loan is paid in full or with the final balloon payment.  The maturity date on this loan may be extended for one year upon a 30 day written notice from the borrower provided the loan is current.  The interest rate will remain the same or 4.7% over the Federal Prime Rate, whichever is greater.  The fee mentioned above will remain in effect.

**3. PAYMENTS**

Three (3) Months of payments total  $22,986.27  will be held in Trust or prepaid to the beneficiaries.

My payments are   [X] Interest Only   [ ] Fully Amortized   [ ] Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 8 | Starting February 15, 2007 | 12.950% | $7,662.08 |
| 1 | Starting October 15, 2007 | 12.950% | $717,662.08 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on Monday, October 15, 2007 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to California Western Financial Investments, Inc., 3351 Cerritos Ave., Los Alamitos, CA 90720, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

**4.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge For Overdue Payments.  If I do not pay the full amount of each monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 15.00% of my overdue payment or U.S. $5.00, which ever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

(B) Default.  If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

California Western Financial Investments, Inc. (562)594-6601                    [26428/Prebe, Mark / Atlantic]
                                                                                 Note Secured By Deed of Trust*    Page 1 of 2

Prebe
DEPOSITION
EXHIBIT
7
PENGAD 800-631-6989

FROM

(WED)SEP 27 2006 15:54/ST. 15:53/NO. 6338417799 P   3

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Payment of Note Holder's Costs and Expenses. If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE – PREPAYMENT PENALTIES**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows:

This note does not contain a prepayment penalty, however, beneficiary(s) entitled to earn accrued interest under this note for a total due from the borrower of $22,986.24.

**6. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

**8. THIS NOTE IS SECURED BY A DEED OF TRUST**

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

Mark Probა

| | 9/ω/06 | | |
|---|---|---|---|
| Borrower  |  Mark Proba | Date | Borrower   Mary Christian Proba                                     Date |

California Western Financial Investments, Inc., a California Corporation, CRL License No. 603A547

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:
all beneficial interest under the within Notes, without recourse, and Deed of Trust securing same

_____

_____

---

**DO NOT DESTROY THIS NOTE!** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

California Western Financial Investments, Inc. (562)594-8501

Note Secured By Deed of Trust

[28426/Probe, Mark / Allende]
JC               Page 2 of 2

# LENDER ADDENDUM

| Escrow Number: | ~~[redacted]~~ |
|---|---|
| Borrowers: | Mark Prebe |

| Beneficiary Name(s) and Vesting |
|---|
| MARK W. MASTERSON, TRUSTEE OF THE NORMAN W. MASTERSON AND IOLA P. MASTERSON FAMILY TRUST DATED JANUARY 16, 1991 3.380% |
| Edward & Arlene Roupinion, Trustees of the Roupinian Family Trust dated Jan. 5, 1987 24.648% |
| Patric J. Kelly, Trustee of the 1998 Kelly Family Trust 4.225% |
| Clista E. Thompson, a Widow 4.225% |
| RIMMA L. POSIN, TRUSTEE, OF THE RIMMA L. POSIN TRUST DATED FEBRUARY 2, 1995 7.042% |
| Terry C. Workman & Vicki L. Workman, as Husband & Wife Joint Tenants 2.113% |
| Alice Hoch & Ed Roupinian, Brother and Sister as Joint Tenants 4.225% |
| LINCOLN TRUST COMPANY, F.B.O. NANCY L. MALOY 14.085% |
| MATEO MINGUEZ, TRUSTEE OF THE MATEO MINGUEZ TRUST DATED 9/24/90 24.790% |
| Pensco Trust Company Custodian FBO Janice Corbett 4.225% |
| John D. Christianson & Karen M. Christianson Trustees of the John and Karen Christianson Trust Dated February 2nd, 2000 7.042% |

# CALIFORNIA WESTERN FINANCIAL INVESTMENTS, INC
## 3351 Cerritos Avenue
### Los Alamitos, CA   90720
### (562) 594-6501     FAX (562) 598-2199

BORROWER(S):    Mark Prebe

---

PROPERTY:        5545 ATLANTIC AVENUE LONG BEACH CA 90805
CROSS PROPERTIES:
2024 CHESTNUT AVENUE LONG BEACH CA 90806
220 WEST 12TH STREET LONG BEACH CA 90813

The name of the beneficiary will be inserted on the note and the Deed of Trust before the loan closes. Any

minor corrections on the vesting may be corrected. A copy of the documents will be mailed to trustor upon

request.

| | |
|---|---|
| Mark Prebe | |
| Borrower    Mark Prebe                              Date | Borrower                                          Date |

Beneficiary Insert Document

EXHIBIT 2

This page is part of your document - **DO NOT DISCARD**

 **20070508342**    Pages: **008**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

03/08/07 AT 08:00AM

| | |
|---|---|
| Fees: | |
| Taxes: | $43.00 |
| Other: | $0.00 |
| Paid: | $0.00 |
| | $43.00 |

**TitleCompany**

## TITLE(S) :

 L E A D    S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

 **THIS FORM IS NOT TO BE DUPLICATED**

E450077


*Prebe*
DEPOSITION
EXHIBIT
17

Recording Requested By
California Western Financial Investments, Inc.

When Recorded Mail To
California Western Financial Investments, Inc.
P.O. Box 15366
Long Beach, CA 90815

03/08/07

**20070508342**

Title Order No. LA6013974

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: This Deed of Trust is being recorded to replace the deed of trust that recorded on October 13, 2006, as instrument # 2006-2280520. Said Deed of Trust was missing lender addendum.

Loan No. ~~16668~~

This Deed of Trust, made this 25th day of **September, 2006**, among the Trustor, **Mark Prebe, a married man as his sole and separate property** (herein "Borrower") (collectively, "Borrower") whose address is: ██████████████ Yorba Linda CA 92886, **CALIFORNIA WESTERN FINANCIAL INVESTMENTS, INC, A CALIFORNIA CORP** (herein "Trustee"), and the Beneficiary, **[See Addendum Attached]** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property: See addendum attached (herein "Property Address"); 5545 Atlantic Avenue Long Beach Ca 90805 Legal Description SEE EXHIBIT A: APN #7127-008-020

**TOGETHER** with all the improvements now or hereafter erected on the property, and all easements, **rights, appurtenances, rents** (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property".

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**          SEE ATTACHED EXHIBIT A

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **September 25, 2006**, in the principal sum of U.S. **$710,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (pounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the

dominium or planned unit devel( ), the by-laws and regulations of the co( )..um or planned unit development, and ..nstituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder. **Cross Default:** If Borrower is in default in the repayment of any other indebtedness or obligation of Borrower to Lender or under any other loan arranged by California Western Financial Investments, Inc., then at the sole discretion of Broker or Lender, such default shall also constitute a default under this Deed of Trust. If Borrower is in default in the repayment of this loan, then at the sole discretion of Broker or Lender, such default shall also constitute a default on any other indebtedness or obligation of Borrower to Broker or Lender.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to ..ffect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **California Western Financial Investments, Inc., 3351 Cerritos Ave., Los Alamitos, CA 90720** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No ..iver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay

the sums declared due. If Borrower fails ...y such sums prior to the expiration of such p...d, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without egard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may ¬purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, ...ustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by ...pting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by ...is Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to

perform any such act. No exercise of any ___ . or remedy of the Lender or Trustee under th___ eed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

**California Western Financial Investments, Inc., a California Corporation, CFL License No. 603A547**

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____ , Page(s) _____ , Instrument No._____ , Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee

Beneficiary _____ and the original
Mail to:

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

*Mark Prebe*

_____        2/26/07        _____
Borrower    Mark Prebe              Date           Borrower              Date

_ STATE OF CALIFORNIA )
                      ) ss.
COUNTY OF Orange )

On Feb. 26th, 2007 before me, Julie D. Cope , notary public, personally appeared Mark Prebe _____ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s); or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Julie D. Cope*
Notary Public in and for said
County and State

> JULIE D. COPE
> Commission # 1570742
> Notary Public - California
> Orange County
> My Comm. Expires Apr 18, 2009

> JULIE D. COPE
> Commission # 1570742
> Notary Public - California
> Orange County
> My Comm. Expires Apr 18, 2009

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____        _____
Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to

Att: _____

California Western Financial Investments, Inc. (562)594-6501

# ACKNOWLEDGMENT

State of California
County of Orange

On February 26, 2007 before me, _____ Julie D. Cope, Notary Public _____
(here insert name and title of the officer)

personally appeared_____ Mark Prebe _____

_____

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be

the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized

capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),

or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

> JULIE D. COPE
> Commission # 1570742
> Notary Public - California
> Orange County
> My Comm. Expires Apr 18, 2009

(Seal)

18-G

# EXHIBIT "B" A

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

LOT 24 OF TRACT NO. 5737, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 61 PAGE(S) 40 AND 41 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Assessor's Parcel Number:        7127-008-020

# LENDER ADDENDUM

| Escrow Number: | 26426 |
| --- | --- |
| Borrower: | Mark Prebe |

| Beneficiary Name(s) and Vesting |
| --- |
| MARK W. MASTERSON, TRUSTEE OF THE NORMAN W. MASTERSON AND IOLA P. MASTERSON FAMILY TRUST DATED JANUARY 16, 1991 3.380% |
| Edward & Arlene Roupinion, Trustees of the Roupinian Family Trust dated Jan. 5, 1987 24.648% |
| Patric J. Kelly, Trustee of the 1998 Kelly Family Trust 4.225% |
| Clista E. Thompson, a Widow 4.225% |
| RIMMA L. POSIN, TRUSTEE, OF THE RIMMA L. POSIN TRUST DATED FEBRUARY 2, 1995 7.042% |
| rry C. Workman & Vicki L. Workman, as Husband & Wife Joint Tenants 2.113% |
| Alice Hoch & Ed Roupinian, Brother and Sister as Joint Tenants 4.225% |
| LINCOLN TRUST COMPANY, F.B.O. NANCY L. MALOY 14.085% |
| MATEO MINGUEZ, TRUSTEE OF THE MATEO MINGUEZ TRUST DATED 9/24/90 24.790% |
| Pensco Trust Company Custodian FBO Janice Corbett 4.225% |
| John D. Christianson & Karen M. Christianson Trustees of the John and Karen Christianson Trust Dated February 2nd, 2000 7.042% |

California Western Financial Investments, Inc. (562)594-6501

EXHIBIT 3

# UNIFORM RESIDENTIAL LOAN APPLICATION

This application is designed to be completed by the [applicant](s) with the Lender's assistance. Applicants sho___ complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be pro___ d (and the appropriate box checked) when ___ the inc___e or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ___ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the borrower resides in a community property state, the security is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | _ V.A. _ FHA | _ Conventional _ FmHA | _ Other: | Agency Case Number | | Lender Case Number |
|---|---|---|---|---|---|---|
| Amount $710,000.00 | Interest Rate 12.95 % | No. of Months 12 | Amortization Type: | _ Fixed Rate _ GPM | X Other (explain): _ ARM (type): | INTEREST ONLY |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property address (street, city, state, ZIP) 5545 Atlantic Avenue  LONG BEACH  CA  90805 | | | | No. of units |
|---|---|---|---|---|
| Legal Description of Subject Property (attach description if necessary) | | | | Year Built |

| Purpose of Loan | X Purchase _ Refinance | _ Construction _ Construction-Permanent | _ Other (explain): | Property will be: | Primary: _ Residence | Secondary: _ Residence  X Investment |
|---|---|---|---|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost $0.00 | Amount Existing Liens $0.00 | (a) Present Value of Lot $0.00 | (b) Cost of Improvements $0.00 | | Total (a + b) $0.00 |
|---|---|---|---|---|---|---|

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost $0.00 | Amount Existing Liens $0.00 | (a) Purpose of Refinance | (b) Describe Improvements Cost:$0.00 | _ made | _ to be made |
|---|---|---|---|---|---|---|

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: _ Fee Simple _ Leasehold (show expiration date) |
|---|---|---|

| Source of Down Payment, Settlement Changes and/or Subordinate Financing (explain) |
|---|

## III. BORROWER INFORMATION

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) MARK PREBE | Co-Borrower's Name (include Jr. or Sr. if applicable) |

| Social Security Number | Home Phone (include area code) | DOB(mm/dd/yy) | Yrs.Sch 12 | Social Security Number | Home Phone (include area code) | DOB (mm/dd/yy) | Yrs.Sch |
|---|---|---|---|---|---|---|---|

| X Married _ Separated | _ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no: 5 ages: 4 7 10 14 16 | _ Married _ Separated | _ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no: ages: |
|---|---|---|---|---|---|

| Present Address (street, city, state, ZIP) _ Own _ Rent _ No.Yrs. YORBA LINDA  CA  92886 | Present Address (street, city, state, ZIP) _ Own _ Rent _ No.Yrs. |
|---|---|
| Mailing Address if different from Present Address | Mailing Address if different from Present Address |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) _ Own _ Rent _ No.Yrs. | Former Address (street, city, state, ZIP) _ Own _ Rent _ No.Yrs. |
|---|---|

## IV. EMPLOYMENT INFORMATION

| Borrower | Co-Borrower |
|---|---|

| Name & Address of Employer _ Self Employed PARK PLACE APPRAISAL LONG BEACH  CA 90805 | Yrs. on this job 14 Yrs. employed in this line of work/profession 14 | Name & Address of Employer _ Self Employed | Yrs. on this job Yrs. employed in this line of work/profession |
|---|---|---|---|
| Position/Title/Type of Business OWNER | Business Phone (include area code) | Position/Title/Type of Business | Business Phone (include area code) |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer _ Self Employed | Date (from - to) ~ Monthly Income $0.00 | Name & Address of Employer _ Self Employed | Date (from - to) ~ Monthly Income $0.00 |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (include area code) | Position/Title/Type of Business | Business Phone (include area code) |

| Name & Address of Employer _ Self Employed | Dates (from-to) ~ Monthly Income $0.00 | Name & Address of Employer _ Self Employed | Dates (from-to) ~ Monthly Income $0.00 |
|---|---|---|---|
| Position/Title/Type of Business | Business Phone (include area code) | Position/Title/Type of Business | Business Phone (include area code) |

| Borrower's Signature X | Date |
|---|---|
| Borrower's Signature X | Date |

Form 1003    Page 1 of 4

Prebe
DEPOSITION
EXHIBIT
PENGAD 800-631-6989

3

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrow | Co-Borrow | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. | $20,000.00 | $0.00 | $20,000.00 | Rent | $0.00 | |
| Overtime | $0.00 | $0.00 | $0.00 | First Mortgage(P&I) | $5,400.00 | $0.00 |
| Bonuses | $0.00 | $0.00 | $0.00 | Other Financing (P&I) | $0.00 | $0.00 |
| Commissions | $0.00 | $0.00 | $0.00 | Hazard Insurance | $0.00 | $0.00 |
| Dividends/Interest | $0.00 | $0.00 | $0.00 | Real Estate Taxes | $0.00 | $0.00 |
| Net Rental | $28,660.00 | $0.00 | $28,660.00 | Mortgage Insurance | $0.00 | $0.00 |
| Other (before complet... below) | $0.00 | $0.00 | $0.00 | Homeowner assn. Dues | $0.00 | $0.00 |
| Total | $48,660.00 | $0.00 | $48,660.00 | Other: | $0.00 | $0.00 |
| | | | | Total | $5,400.00 | $0.00 |

*self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower(b) or Co-Borrower(c) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| | | $0.00 |
| | | $0.00 |
| | | $0.00 |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and schedules are required. If the Co-Borrower section was completed about a spouse, this statement and supporting schedules must be completed about that spouse also.

completed ___ Jointly ___ Not Jointly

| Assets | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pleges, etc, use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Description | | | | |
| Cash deposit toward puchase held by: | $0.00 | LIABILITIES | Monthly Pmt. & Mos. Left to Pay | Unpaid Balance |
| | $0.00 | | $ Pmt/Mos. | $ |
| List checking and savings accounts below | | Name and address of Company | | |
| Name and address of Bank, S & L, or Credit Union | | CHASE MANHATTAN (TROTTER PROPERTY) | $5,435.00 / 360 mos. | $1,067,000.00 |
| B OF A | | | | |
| Acct.no. ~~_____~~ | $20,000.00 | Name and address of Company | $ Pmt/Mos. | $ |
| Name and address of Bank, S & L, or Credit Union | | EMC 471-475 MARKET STREET PROPERTY | $3,048.00 / 360 mos. | $530,000.00 |
| Acct.no. | $0.00 | Acct.no. | | |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | $ Pmt/Mos. | $ |
| | | NATIONAL CITY MTG 1940 HENDERSON PROPERTY | $2,322.00 / 360 mos. | $650,000.00 |
| Acct.no. | $0.00 | Acct.no. | | |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | $ Pmt/Mos. | $ |
| | | NATIONAL CITY MTG 9508 PACE PROPERTY | $2,444.00 / 360 mos. | $468,750.00 |
| | | Acct.no. | | |
| Acct.no. | $0.00 | Name and address of Company | $ Pmt/Mos. | $ |
| Stocks & Bonds (Company name/number & description) | | 1484 LINDEN PROPERTY | $2,623.00 / 0 mos. | $570,000.00 |
| | $0.00 | Acct.no. | | |
| | $0.00 | Name and address of Company | $ Pmt/Mos. | $ |
| Life insurance net cash value | | | | |
| Face amount: $0.00 | $0.00 | 2024 CHESTNUT PROPERTY | $2,433.38 / 0 mos. | $400,000.00 |
| Subtotal Liquid Assets | $20,000.00 | Acct.no. | | |
| Real estate owned (enter market value schedule of real estate owned) | $6,858,000.00 | Name and address of Company | $ Pmt/Mos. | $ |
| Vested interest in retirement fund | $0.00 | | | |
| Net worth of business(es) owned (attach financial statement) | $0.00 | 220 W 12th STREET PROPERTY | $2,452.00 / 0 mos. | $665,000.00 |
| Automobiles owned (make and year) | | Acct.no. | | |
| 2008 CLS MERCEDES | $40,000.00 | Alimony/Child Support/Separate Maintenance Payments Owed to: | $0.00 | |
| | $0.00 | | | |
| | $0.00 | Job Related Exp. (child care, union dues, etc.) | | |
| Other assets (itemize) | | | | |
| FURNITURE | $200,000.00 | | $0.00 | |
| | $0.00 | | $0.00 | |
| | $0.00 | Total Monthly Payments | $22,461.38 | |
| | $0.00 | Net Worth (a minus b) $2,699,200.00 | | |
| Total Assets a. | $7,118,000.00 | | Total Liabilites b. | $4,418,800.00 |

Borrower's Signature: X ⟨signature⟩    Date

Co-Borrower's Signature: X    Date

## VI. ASSETS AND LIABILITIES( Page 2 Continued)

| List checking and savings accounts below Name and address of Bank, S & L, or Credit Union | | LIABILITIES Name and address of Company | Monthly Pmt. & Mos. Left to Pay Pmt./Mos. | Unpaid Balance |
|---|---|---|---|---|
| | | US BANK AUTO LEASE | $1,177.00 / 39 mos. | |
| Acct.no. | $0.00 | Acct.no. ▆▆▆▆▆▆ | | $38,868.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company E TRADE CONS | Pmt./Mos. $278.00 / 120 mos. | |
| Acct.no. | $0.00 | Acct.no. ▆▆▆▆▆▆ | | $19,199.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company BANK OF AMERICA CREDIT CARD | Pmt./Mos. $112.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. ▆▆▆▆▆▆ | | $5,409.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company NORDSTROM FSB CREDIT CARD | Pmt./Mos. $137.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. ▆▆▆▆▆▆ | | $4,674.00 |
| | | | Pmt./Mos. $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | Pmt./Mos. $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | $ Pmt./Mos. $ $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | Pmt./Mos. $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | Pmt./Mos. $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |
| Name and address of Bank, S & L, or Credit Union | | Name and address of Company | Pmt./Mos. $0.00 / mos. | |
| Acct.no. | $0.00 | Acct.no. | | $0.00 |

Form 1003   Page 2 Continue

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet.)

| Property address (enter S if sold, PS if pending sale or P if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance Maintenance Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| SEE ATTACHED SCHEDULE OF REAL ESTATE | | | | | | | |
| | | $6,858,000.00 | $467,575.00 | $28,200.00 | $20,790.00 | $0.00 | $28,200.00 |
| | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total | | $6,858,000.00 | $467,575.00 | $28,200.00 | $20,790.00 | $0.00 | $28,200.00 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | |
| b. Alterations, improvements, repairs | $0.00 |
| c. Land (if acquired separately) | $0.00 |
| d. Refinance (incl. debts to be paid off) | $0.00 |
| e. Estimated prepaid items | |
| f. Estimated closing costs | $0.00 |
| g. PMI, MIP, Funding Fee | $0.00 |
| h. Discount (if Borrower will pay) | $0.00 |
| i. Total costs (add items a through h) | $0.00 |
| j. Subordinate financing | $0.00 |
| k. Borrower's closing costs paid by Seller | $0.00 |
| l. Other Credits (explain) | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| m. Loan amount | |
| (exclude PMI, MIP, Funding Fee financed) | $0.00 |
| n. PMI, MIP, Funding Fee financed | $0.00 |
| o. Loan amount (add m & n) | $0.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | $0.00 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower | | Co-Borrow | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | X | | X |
| b. Have you been declared bankrupt within the past 7 years? | | X | | X |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | X |
| d. Are you a party to a lawsuit? | | X | | X |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgement? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes" provide details, including date, name and address of Lender, FHA or V.A. case number, if any, and reasons for the action.) | | X | | X |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond or loan guarantee? If "Yes", give details as described in the preceding question | | X | | X |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | X |
| h. Is any part of the down payment borrowed? | | X | | X |
| i. Are you a co-maker or endorser on a note? | | X | | X |
| j. Are you a U.S. citizen? | X | | X | |
| k. Are you a permanent resident alien? | | X | | X |
| l. Do you intend to occupy the property as your primary residence? | | X | | X |
| If "Yes", complete question m below. | | | | |
| m. Have you had an ownership interest in a property in the last three years? | | X | | X |
| (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | | | | |
| (2) How did you hold title to the home — solely by yourself (S) jointly with your spouse (SP), or jointly with another person (O)? | | | | |

## IX. ACKNOWLEDGEMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

| Borrower's Signature: | Date: | Co-Borrower's Signature: | Date: |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosures sati requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER: | _ I do not wish to furnish this information | CO-BORROWER: | _ I do not wish to furnish this information |
|---|---|---|---|
| Race/National Origin: | _ American Indian or Alaskan Native<br>_ Asian or Pacific Islander<br>_ Black, not of Hispanic origin<br>_ Hispanic<br>X White, not of Hispanic Origin<br>_ Other (specify) | Race/National Origin: | _ American Indian or Alaskan Native<br>_ Asian or Pacific Islander<br>_ Black, not of Hispanic origin<br>_ Hispanic<br>_ White, not of Hispanic orgin<br>_ Other (specify) |
| Sex: | _ Female   X Male | Sex: | _ Female   _ Male |

| To be Completed by Interviewer<br>This application was taken by: | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| _ face-to-face interview | | | California Western Financial Investments, Inc. |
| _ by mail | Interviewer's Signature | Date | 3351 Cerritos Ave.<br>Los Alamitos, CA  90720<br>Phone: (562) 594-8501 |
| _ by telephone<br>by Internet | Interviewer's Phone Number (incl. area code) | | Fax: (562) 596-2188 |

Form 1003          Page 3 of 4

| REAL ESTATE SCHEDULE FOR MARK PREBE | | | | | |
|---|---|---|---|---|---|
| Address of Property | Type of Property | Present Market Value | Loan Balance | Rent Income | Loan Payment |
| 1940 HENDERSON<br>LONG BEACH, CA | 4 UNITS | 900,000.00 | $650,000.00 | $5,000.00 | $2,322.09 |
| 9508 PACE<br>LOS ANGELES, CA | 2 Units  1 TD<br>Line of credit | 625,000.00<br>available line | $468,750.00<br>$95,750.00 | $2,550.00 | $2,444.00<br>$0.00 |
| 471-475 E. MARKET STREET<br>LONG BEACH, CA | 4 UNITS | 830,000.00 | $530,000.00 | $4,950.00 | $3,047.50 |
| 2024 CHESTNUT<br>LONG BEACH, CA | 5 UNITS | 950,000.00 | 400,000.00 | $5,700.00 | $2,565.25 |
| 220-226 WEST 12TH STREET<br>LONG BEACH, CA | 4 UNITS | 900,000.00 | $412,000.00 | $4,800.00 | 2,506.49 |
| 1484 LINDEN<br>LONG BEACH, CA | 4UNITS | 900,000.00 | $570,000.00 | $5,200.00 | $2,623.00 |
| 19937 TROTTER LANE<br>YORBA LINDA, CA | SFR | 2,500,000.00 | $1,067,000.00 | | $5,435.00 |
| 5431 DAIRY AVENUE<br>LONG BEACH, CA | 4 UNITS | 1,525,000.00 | $510,000.00 | $4,600.00 | $5,503.75 |
| | | 9,996,000.00 | $5,110,500.00 | $37,925.00 | $29,462.08 |

MARK PREBE                    **RENT ROLL**

| PROPERTY ADDRESS | RENTAL INCOME |
|---|---|
| 1940 HENDERSON<br>LONG BEACH, CA | $ 5,000.00 |
| 9508  PACE<br>LOS ANGELES, CA | $ 2,550.00 |
| 471-475 E. MARKET STREET<br>LONG BEACH, CA | $ 4,950.00 |
| 2024 CHESTNUT<br>LONG BEACH, CA | $ 5,760.00 |
| 220 WEST 12TH STREET<br>LONG BEACH, CA | $ 5,200.00 |
| 1484 LINDEN<br>LONG BEACH, CA | $ 5,200.00 |
| TOTALS | $28,660.00 |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert Schachter, SBN 72528<br>Hitchcock Bowman & Schachter<br>21515 Hawthorne Blvd., Suite 1030<br>Torrance CA 90503<br>Tel No. (310) 540-2202<br>Fax No. (310) 540-8734<br>rschachter@hbsattorneys.com<br><br><br>*Attorney for Plaintiff* | |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>MARK A. PREBE and MARY C. PREBE<br><br><br><br>Debtor(s). | CASE NO.: 2:13-bk-35495-BB<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: |
|---|---|
| Edward Roupinian and Arlene Roupinian, individually and as trustees of the Roupinian Family Trust dated January 5, 1987, Alice Hoch, an individual, and Millennium Trust Company, LLC as custodian fbo Edward Roupinian IRA,<br><br>Plaintiff(s)<br>Versus<br>Mark A. Prebe and Mary C. Prebe<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____<br>Time: _____<br>Courtroom: _____ | Place:<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                        Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____    _____        _____
*Date*                        *Printed Name*                   *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                Page 3                          **F 7004-1.SUMMONS.ADV.PROC**

FORM B104  (08/07)                                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Edward Roupinian and Arlene Roupinian, individually and as trustees of the Roupinian Family Trust, Alice Hoch and Millennium | DEFENDANTS<br>Mark A. Prebe and Mary C. Prebe |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Robert Schachter, Esq., SBN 72528<br>Hitchcock Bowman & Schachter, 21515 Hawthorne Blvd., Ste 1030, Torrance CA 90503, (310) 540-2202 | ATTORNEYS (If Known)<br>Giovanni Orantes, Esq. 3435 Wilshire Blvd., Ste 2920, Los Angeles CA 90010, (888) 619-8222 |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☑ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☑ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Determination that Debts are Non-Dischargeable and Damages, 11 U.S.C. Section 532(a)(2), 523(a)(6)

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 1 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 2 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 710,000.00 |

| Other Relief Sought |
|---|
| |

FORM B104 (08/07), page 2                                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR<br>Mark A. Prebe and Mary C. Prebe | BANKRUPTCY CASE NO.<br>2:13-bk-35495BB |

| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Sheri A. Bluebond |
| --- | --- | --- |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| --- | --- | --- |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| --- | --- | --- |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*Robert Schachter*

| DATE<br>1/21/14 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert Schachter, Esq. |
| --- | --- |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits about the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.